SAVOIE, Judge.
Plaintiff appeals the trial court’s denial of her workmen’s compensation benefits.
On July 25, 1982, plaintiff, Sandra Ro-drigue, sustained certain injuries as a result of coming into contact with a high voltage line while in the course and scope of her employment. As a result thereof, she received workmen’s compensation benefits until released from her treating physician on August 26,1982. Thereafter, plaintiff filed suit seeking compensation benefits allegedly due. Specifically, she contended she had little physical strength; suffered numbness in her left arm and leg and pain in her shoulders and knees; and experienced a burning sensation on her cheeks.
Based upon the medical testimony of Dr. Irving Clifford, an examining neurosurgeon, Dr. Leon Kraft, an examining cardiologist, and Dr. Wilbert McClay, Jr., her treating physician, the trial court found that plaintiff had failed to carry her burden of proof. Accordingly, it denied plaintiff’s claims.
Plaintiff appeals, contending that the trial court erred in:
(1) finding that she had failed to prove she was disabled beyond August 26, 1982;
(2) failing to consider the testimony of lay witnesses in support of her contention that she continued to suffer from her accident; and,
(3) failing to award penalties and attorney’s fees for the insurer’s arbitrary and capricious failure to pay.
ASSIGNMENTS OF ERROR NOS. 1 and 2
In essence, plaintiff asserts in these assignments of error that the trial court erred in its findings of fact. It is well settled, that the findings of the trier of fact are entitled to great weight and will not be disturbed absent an abuse of the trier’s discretion. Macon v. Hunt-Wesson Foods, Inc. & XYZ, 477 So.2d 793 (La.App. 5th Cir.1985).
In the matter sub judice, the record indicates that Dr. Wilbert McClay, Jr. was plaintiff’s treating physician. Upon his initial examination, he noted nothing more abnormal than a tachycardia.[1] He also noted some burns and abrasions on plaintiff. When questioned concerning the tachycardia, he stated that it had cleared up within 72 hours of the incident. After her discharge from the hospital, Dr. McClay continued to treat plaintiff, subsequently giving her a complete physical examination and discharged her. Dr. McClay testified that while he discharged plaintiff, it was merely a discharge or release to see other physicians or specialists regarding her condition. This discharge or release was not intended as a termination of his treatment or of their physician-patient relationship. The record fails to show any evidence that Dr. McClay considered plaintiff unable to return to employment. Plaintiff also adduced the testimony of her sister who indicated that plaintiff continually complained of pain on the left side of her body and required continual medication. Further, *203 they testified that Dr. Joe Jackson, a New Orleans physician, examined plaintiff, noting that her complaints were consistent with the injuries sustained. However, no report was adduced nor did Dr. Jackson testify.
Contrarily, Dr. John Clifford, a neurosurgeon, stated that he examined plaintiff and performed two types of tests on her. He stated that when he performed the pin prick test on plaintiff, she indicated she had no feeling in her left arm and leg, yet had sensitivity in the trunk of her body. Dr. Clifford stated that such indications were a physical impossibility. In the evoked response test, indications were normal in plaintiff’s arms and legs. Based thereon, he stated that she had no disability and was able to return to work. Mr. William Tender, senior claims representative of Aetna Casualty Insurance Company, stated that after Dr. McClay discharged plaintiff, she was referred by Aetna to Dr. Barry Rills, an orthopedic surgeon. Dr. Rills’ report indicated that plaintiff suffered no disability. He further stated that plaintiff was subsequently referred to Dr. Leon Kraft, a cardiologist, whose report coincided with that of Dr. Rills and Dr. Clifford. Based thereon, Aetna denied any compensation benefits.
Plaintiff testified that after seeing the aforestated physicians, she called Payne and Keller in hopes of returning to work. However, she failed to state her employer’s response to her request to return to work. Nevertheless, plaintiff was subsequently employed by Wells Fargo Guard Service in January of 1984, thereafter quitting in May, 1984 due to her pregnancy. Although she claims to have applied for but was rejected for several positions prior to January, 1984, she could not or did not provide any of the names of firms to which she applied. Further, while she claims to have been rejected by prospective employers because of her alleged medical condition, no such evidence was adduced.
Based upon the foregoing evidence, and a thorough examination of the entire record, there is nothing therein to support her contention that she was or is now unable to return to work at the end of the three week disability period for which she was paid.
Accordingly, we cannot say that the trial court erred in finding that plaintiff had failed to prove her burden. As such, judgment of the trial court is hereby affirmed. Having so found, any discussion of assignment of error No. 3 is hereby pretermitted. Appellant is to pay all costs.
AFFIRMED.

. Tachycardia is defined as "the rapid beating of the heart, usually applied to rates over 100 per minute.”